UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRIDANE ADOLPHE, individually and on behalf of other persons similarly situated who were employed by 1st CHOICE HOME CARE SERVICES, INC., and/or 1ST AIDE HOME CARE, INC. along with other entities affiliated or controlled by 1st CHOICE HOME CARE SERVICES, INC. and/or 1ST AIDE HOME CARE, INC., <br><br> Plaintiffs, <br><br> - against - <br><br> 1ST CHOICE HOME CARE SERVICES, INC., and 1ST AIDE HOME CARE, INC., and/or any other related entities, <br> Defendants. | Index No.: <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT** <br><br> Jury Trial Demanded |

Named Plaintiff FRIDANE ADOLPHE, on behalf of herself and the putative collective, by her attorneys Naydenskiy Law Firm, LLC, alleges upon knowledge to herself and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought on behalf of the Named Plaintiff and a collective and/or putative class of individuals (collectively "Plaintiffs") who are presently or were formerly employed by 1ST CHOICE HOME CARE SERVICES, INC. and/or 1ST AIDE HOME CARE, INC. and/or any other entities affiliated or controlled by 1ST CHOICE HOME CARE SERVICES, INC. (hereinafter "1st Choice") and/or 1ST AIDE HOME CARE, INC. (hereinafter "1st Aide") (collectively "Defendants") to provide personal care, assistance, health-related tasks and other home care services to Defendants' clients within the State of New York.

2. Plaintiffs seek to recover wages and benefits which Plaintiffs were statutorily and contractually entitled to receive pursuant to New York Labor Law (hereinafter referred to as

"NYLL") § 190 et seq., and § 650 et seq., and Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 201 et seq., 206, 207, 216(b).

3. Beginning in June 2012 and continuing through the present, Defendant 1st Choice has maintained a policy and practice of requiring Plaintiffs to regularly work in excess of 40 hours in any given week, without providing the proper overtime hourly compensation for all hours worked in excess of 40 hours in any given week.

4. Additionally, beginning in June 2012 and continuing through the present, Defendant 1st Choice willfully failed to provide Plaintiffs with wage notices and statements as required by NYLL §§ 195(1) and (3).

5. Beginning in June 2012 and continuing through the present, Defendant 1st Aide has maintained a policy and practice of requiring Plaintiffs to regularly work in excess of 40 hours in any given week, without providing the proper overtime hourly compensation for all hours worked in excess of 40 hours in any given week.

6. Beginning in June 2012 and continuing through the present, Defendant 1st Aide has maintained a policy and practice of requiring Plaintiffs to regularly work in excess of 40 hours in any given week, without providing the proper overtime hourly compensation for all hours worked in excess of 40 hours in any given week.

7. Named Plaintiff has initiated this action seeking for herself, and on behalf of all similarly situated employees who performed work within the State of New York, unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, for Defendants' violations of the abovementioned state and federal laws.

## JURISDICTION

8. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the NYLL.

9. The statute of limitations under FLSA, 29 U.S.C. § 255(a), for a willful violation is three (3) years.

10. The statute of limitations under NYLL § 198(3) is six (6) years.

## VENUE

11. Venue for this action in the Eastern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of New York.

## THE PARTIES

12. Plaintiff Fridane Adolphe is an individual who is a resident of the State of New York.

13. Defendant 1st Choice is a domestic business corporation incorporated under the laws of the State of New York, with its principal locations at 2647 Brown Street, Second Floor, Brooklyn, New York, 11235. Defendants are primarily engaged in providing nursing and home health aide services at the residences of its clients.

14. Defendant 1st Aide is a domestic business corporation incorporated under the laws of the State of New York, with its principal locations at 2647 Brown Street, Second Floor, Brooklyn, New York, 11235. Defendants are primarily engaged in providing nursing and home health aide services at the residences of its clients.

15. At all relevant times, Defendants employed Plaintiff as defined by NYLL §§ 651(5) and (6) and applicable regulations, 12 NYCRR § 142-2.14, and 29 U.S.C. § 203(e).

16. 1st Choice and 1st Aide are a single integrated enterprise, and employed and/or jointly employed Named Plaintiff and members of the putative class.

17. Defendants share a common business purpose and ownership, maintain common control, oversight and direction over the operations of the work performed by Plaintiff, including payroll practices.

18. Both 1st Choice and 1st Aide accept service at the same address, 2647 Brown Street, Second Floor, Brooklyn, 11235, New York.

19. Defendants maintained joint control, oversight, and direction over the operations of the work performed by Named Plaintiff and putative class members, including payroll practices, and had the power to hire and fire Named Plaintiff and putative class members.

20. Upon information and belief, Defendants have substantial joint control of the working conditions of Named Plaintiff and putative class members and over the unlawful policies and practices alleged herein.

## COLLECTIVE ACTION ALLEGATIONS

21. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

22. This action is brought on behalf of the Named Plaintiff and a collective consisting of each and every similarly situated person who is or was employed by Defendants to provide personal care, assistance, health-related tasks and other home care services to Defendants' clients within the State of New York during the period from October 2015 through the present (the "FLSA Collective").

23. At all relevant times, Plaintiff and the FLSA Collective are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices,

procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiff one-and-one-half times their regular rates work in excess of 40 hours per workweek. Plaintiff's claims stated herein are essentially the same as those of the other members of the FLSA Collective.

24. Named Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of Defendants' common policy and/or plan to violate the FLSA by failing to pay overtime wages.

25. Defendants' unlawful conduct, as described in this Class and Collective Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs.

26. Defendants are aware or should have been aware that as of January 1, 2015 federal law requires it to pay home care workers an overtime premium for hours worked in excess of 40 per workweek.

27. Count I is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The members of the FLSA Collective are readily ascertainable, can be located through Defendants' records, and would benefit from the issuance of a court supervised notice of this lawsuit and the opportunity to join the lawsuit.

28. Notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ALLEGATIONS

29. This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

30. This action is brought on behalf of the Named Plaintiff and a class consisting of each and every person who is or was employed by Defendants to provide personal care,

5

assistance, health-related tasks and other home care services to Defendants' clients within the State of New York during the period from June 2012 up to the present (the "Putative Class").

31. The Putative Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to Plaintiffs, and calculation of such number would require facts in the sole control of Defendants, upon information and belief the size of the Putative Class is believed to be in excess of 500 individuals. In addition, the names of all potential members of the Putative Class are not known.

32. The questions of law and fact common to the Putative Class predominate over any questions affecting only individual members. These questions of law and fact include but are not limited to: (1) whether Defendants failed to provide Plaintiffs with wage notices as required by NYLL § 195(1); and (2) whether Defendants failed to provide Plaintiffs with wage statements as required by NYLL § 195(3).

33. The claims of the Named Plaintiff are typical to the claims of the class, because they are all current or former home health care employees of Defendants who sustained damages, including from underpayment of wages and failure to receive wage notices and statements, as a result of Defendants' common compensation and employment policies and practices. The defenses that Defendants are likely to assert against the Named Plaintiff's claims are typical of the defenses that Defendants are likely to assert against the class.

34. The Named Plaintiff and her counsel will fairly and adequately protect the interests of the Putative Class. The Named Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and Putative Class members

lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

36. Named Plaintiff was at all relevant times a home health care attendant employed in New York by Defendants to provide personal home health care and assistance to Defendants' clients in their homes.

37. Named Plaintiff worked for Defendants as a home attendant from approximately March 2016 through approximately November 2016.

38. While employed by Defendants, Named Plaintiff provided services to disabled and/or ailing elderly clients, including but not limited to, personal care services, such as assistance with dressing, bathing and personal grooming, cooking and serving food, cleaning, such as mopping, vacuuming, dusting, cleaning bathrooms, and taking out garbage, escorting clients to doctors, and made transportation arrangements.

39. Named Plaintiff maintained her own residence and did not "live in" the homes of Defendants' clients or in the home of her employer, nor was she an "exempt companion" of the Defendants' clients.

40. While employed by Defendants, Named Plaintiff generally worked more than 40 hours per week, however, in violation of the FLSA, Named Plaintiff was not paid the applicable overtime hourly rate for all hours she worked in excess of 40 per week.

41. Between March 2016 and April 2016, Named Plaintiff worked varying shifts of 7 to 12-hours, amounting to approximately 35 to 84 hours per week.

42. In approximately May of 2016, Named Plaintiff began working around three to four 24-hour shifts per week, amounting to a total of approximately 72 to 96 hours per week.

43. While working for Defendants, Named Plaintiff was paid between $10.00 and $11.00 per hour, and was paid a flat amount of approximately $150 per shift when she worked 24-hour shifts. However, Named Plaintiff was not paid overtime at the applicable overtime hourly rate for all the hours worked.

44. Named Plaintiff's co-workers performed the same and/or similar work to that of the Named Plaintiff.

45. Like the Named Plaintiff, the FLSA Collective members generally worked more than 40 hours per week, but were not paid the applicable overtime hourly rate for all hours worked in excess of 40 per week.

46. At all relevant times, Defendants have maintained a practice and policy of assigning Plaintiffs to work more than 40 hours per week without paying them the applicable overtime hourly rate of pay of one and one-half times their regular rate of pay for all hours worked in excess of 40 per week, in violation of the FLSA.

47. Upon information and belief, Defendants willfully paid Named Plaintiff and the other members of the FLSA Collective less than the rates of wages and benefits to which Named Plaintiff and the other members of the FLSA Collective were entitled.

48. Additionally, Defendants failed to provide Named Plaintiffs and the members of the Putative Class with the notices required by NYLL §195(1).

49. Defendants' actions as described herein were intentional and not made in good faith.

50. Defendants 1st Choice and 1st Aide operate as joint employers.

51. Both 1st Choice and 1st Aide accept service at the same address, 2647 Brown Street, Second Floor, Brooklyn, 11235, New York.

52. Defendants 1st Choice and 1st Aide jointly employed Plaintiffs, who performed work as home health care attendants for Defendants and their clients, and thus, have direct control over the working conditions of the Plaintiffs and putative class members.

**FIRST CAUSE OF ACTION:**
**FLSA OVERTIME COMPENSATION**

53. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

54. Pursuant to the FLSA, 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

55. At all relevant times, Named Plaintiff and the FLSA Collective were employed by Defendants, which are each an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

56. At all relevant times, Named Plaintiff and the FLSA Collective were employees of Defendants within the meaning of 29 U.S.C. § 203(e).

57. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, 29 CFR Part 552 effective as of October 13, 2015, apply to Defendants and protect Named Plaintiff and the FLSA Collective.

58. The FLSA 29 U.S.C. §§ 206 and 207 mandate that in calculating overtime the employer must utilize the employees' regular rate of pay.

9

59. Defendants failed to pay the Named Plaintiff and members of the FLSA Collective overtime wages, at the rate of one and one-half times the regular rate of pay, for all hours worked after the first 40 in any given week.

60. Upon information and belief, the failure of Defendants to pay the Named Plaintiff and members of the FLSA Collective their rightfully owed overtime compensation was willful.

61. By the foregoing reasons, Defendants are liable to the Named Plaintiff and members of the FLSA Collective in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs.

**SECOND CAUSE OF ACTION:**
**NEW YORK § 195(3) WAGE STATEMENT VIOLATION**

62. Plaintiffs repeat and re-allege the allegations set forth in above.

63. Pursuant to Section 195(3) of the NYLL, an employer is required to furnish each employee with a statement with every payment of wages that identifies, among other things, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or in another manner. For employees that are not exempt from overtime compensation under New York state law or regulation, such wage statement must also include "the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

64. Pursuant to Section 198-1(d) of the NYLL, an employee that does not receive a wage statement, as required by NYLL § 195(3), may bring a civil action to recover damages of $50 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

65. Plaintiffs did not receive wage statements containing all the information required by NYLL § 195(3) from the Defendants during their employment.

10

66. Defendants violated NYLL § 195(3) by failing to provide Plaintiffs with wage statements containing the information required by NYLL § 195(3).

67. Upon information and belief, Defendants' failure to provide Plaintiffs with wage statements in violation of NYLL § 195 was willful.

68. By the foregoing reasons, Defendants have violated NYLL § 195(3), and is liable to Plaintiffs in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

**THIRD CAUSE OF ACTION:**
**<u>NEW YORK § 195(1) WAGE NOTICE VIOLATION</u>**

69. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

70. Pursuant to Section 195(1) of the NYLL, an employer is required to provide its employees at the time of hiring a notice containing information, such as, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; . . . the regular pay day designated by the employer . . .; [and] the name of the employer . . . . For all employees who are not exempt from overtime compensation . . ., the notice must sate the regular hourly rate and overtime rate of pay."

71. Defendants willfully failed to provide Plaintiff and the Putative Class with wage notices, as required by NYLL § 195(1).

72. Through its knowing or intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190, et seq., and the supporting New York State Department of Labor Regulations.

73. Due to Defendants' willful violations of the N.Y. Labor Law, Plaintiffs are entitled to statutory penalties of $50 for each workday that Defendants failed to provide them

11

with wage notices, or up to a total of $5,000, plus reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL § 198(1-b).

74.    By the foregoing reasons, Defendants are liable to the Plaintiffs in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs.

**WHEREFORE**, the Named Plaintiff, individually and on behalf of all other persons similarly situated, seeks the following relief:

(1)    on the first cause of action against Defendants in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs;

(2)    on the second cause of action against Defendants in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs;

(3)    on the third cause of action against Defendants in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs;

(4)    together with such other and further relief the Court may deem appropriate.

Dated: New York, New York
       October 21, 2018

By:    NAYDENSKIY LAW FIRM, LLC

_____/s/_____
Gennadiy Naydenskiy, Esq.
281 Summerhill Rd, Suite 210
East Brunswick, NJ, 08816
Phone: 800-789-9396
Facsimile: 866-261-5478
naydenskiylaw@gmail.com

*Attorneys for Named Plaintiff and FLSA Collective and Putative Class*