

40 Broad Street, 7th Floor
New York, New York 10004
Telephone: 212.943.9080

**Leonor H. Coyle**
Partner
lcoyle@vandallp.com

June 21, 2019

**VIA ECF**
Honorable Steven L. Tiscione
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Adolphe et. al. v. 1st Choice Home Care Services Inc. et. al.
Case No.: 18-CV-5876 (KAM)(ST)

Dear Judge Tiscione,

This firm is counsel to Named Plaintiff Fridane Adolphe and Opt-in Plaintiff Carol Resiere (collectively "Plaintiffs") in the above-referenced action. I respectfully submit this letter motion for approval of the parties' negotiated Settlement Agreement and Release (the "Settlement Agreement"). For the reasons set forth below, the parties represent that the Settlement Agreement is fair and reasonable and is in accordance with the standard set forth by the Second Circuit in *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015).

## A. Procedural Background

This action was commenced on October 21, 2018 by Plaintiff, Fridane Adolphe, to recover alleged unpaid overtime wages and damages arising out of Defendants' alleged failure to provide proper wage notices and wage statements, pursuant to the FLSA and New York State Labor Laws, allegedly owed to the Plaintiffs, who allegedly performed work for Defendants' nursing and home health aide services at the residence of its clients. The present action was filed as a putative collective action, and Plaintiffs moved for conditional certification under the FLSA. The Defendants opposed the motion. Such motion was withdrawn and denied as moot, and settlement negotiations ensued. [See Dkt. Nos. 16 and 25, respectively.] The monetary portion of the negotiated settlement reflects a compromise of the Plaintiffs' state law wage notice claims, as Plaintiffs do not have viable federal claims for overtime wages within the statute of limitations.

### 1. Statement from Defendants

In their Answers, Defendants denied all liability in the litigation. They continue to deny any liability with respect to both the federal and state law claims asserted by the Plaintiffs. The Defendants also deny that Plaintiffs worked for both 1st Aide and 1st Choice, which are separate companies. Defendants specifically deny liability for any wage notice violations. The settlement




reflects a compromise of disputed claims, including consideration of the costs of future litigation.

**B. The Settlement Agreement is Fair and Reasonable**

Plaintiffs seek final approval of the Settlement Agreement reached in this case, pursuant to the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc*., 2015 U.S. App. LEXIS 13815 (2d Cir. Aug. 7, 2015) (holding that, "the FLSA falls within the 'applicable federal statute' exception under Rule 41" and therefore, "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect."). *Cheeks* recognized that requiring the approval of the district court or the DOL is consistent with the purposes of the FLSA, including its primary remedial purpose of "prevent[ing] abuses by unscrupulous employers, and remedy[ing] the disparate bargaining power between employers and employees." *Id*. at *20. As set forth in further detail below, and in accordance with *Wolinksy v. Scholastic Inc*., 900 F. Supp. 2d 332 (S.D.N.Y. 2012), the parties are in agreement that this settlement is fair, reasonable, consistent with the underlying purposes of the FLSA, and is the product of equal bargaining.

As articulated in *Wolinksy*, when assessing the fairness of a settlement, a court should consider the totality of circumstances including but not limited to several factors such as: (1) the range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement "is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Wolinksy*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214, 2010 U.S. Dist. LEXIS 75098 (S.D.N.Y. July 23, 2010)). Based on an analysis of these factors, and the reasons explained below, the parties are confident that the negotiation process was conducted at arm's length and should pass this Court's scrutiny.

**C. The Settlement Negotiations Occurred at Arm's Length**

The Settlement Agreement reflects a reasonable compromise over contested facts and law that led to an early resolution of this matter. After extensive arms-length negotiations between counsel well-versed in wage and hour law, the parties were able to arrive at a Settlement Agreement for $3,500.00, whereby Plaintiffs will each receive $1,500.00, with the remaining $500.00 to cover attorneys' fees and costs. Consistent with the *Cheeks* requirements enumerated above, the Settlement Agreement reached and executed by the parties, will be presented to the Court. The Agreement contains a release relative to wage-and-hour claims under federal and state law. The Agreement contains a narrowly-tailored confidentiality provision, which Defendants requested. [*See* Exhibits 1 and 2 attached herein.]

Considering Plaintiffs do not have viable federal overtime claims within the statute of limitations, Plaintiffs' counsel believes that this settlement is a fair result and should thus be approved. See e.g. *Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3, 11 Civ. 465 (KBF) (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the




proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.") (internal citations omitted). Most importantly, the Plaintiffs understand the situation, are satisfied with the settlement amount, and voluntarily and willingly entered into the Settlement Agreement.

**D. Plaintiffs' Counsel Is Entitled to Reasonable Attorneys' Fees and Costs**

The standard for awarding attorneys' fees and costs is one of reasonableness. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." *Husain v. Springer*, No. 97 CV 2982 (NG) (CLP), 2013 U.S. Dist. LEXIS 37134, 15-16 (E.D.N.Y. 2013) (citing *Perdue v. Kenny A.*, 559 U.S. 542, 130 S.Ct. 1662, 1676 (2010)). In considering an application for attorneys' fees and costs, the Second Circuit determines a "presumptively reasonable fee" which is "the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty of Albany*¸ 522 F.3d 182, 190 (2d Cir. 2008). The presumptively reasonable fee is determined by reference to the number of hours reasonably expended on the litigation multiplied by the reasonable fee to be charged for those hours. *See generally Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009). In calculating this fee, courts generally consider the prevailing market rate for similar services by lawyers of "reasonably comparable skill, experience and reputation." *Cho v. Koam Medical Services, P.C.*, 524 F. Supp. 2d 202, 206 (E.D.N.Y. Nov. 30, 2007); *see also Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (holding that courts should use the hourly rates employed in the district where the case is heard).

Plaintiffs' Counsel zealously litigated this case, including the successful negotiation of a settlement on behalf of Plaintiff, and is thus entitled to reasonable attorneys' fees and costs expended as a result of litigating this action. As stated by the 2nd Circuit in *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. N.Y. 1994):

> This court declines to second guess experienced counsel in deciding whether the hours devoted to research, drafting, interviewing, and consulting were necessary. To engage in such detailed hour by hour review is to demean counsel's stature as officers of the court and I have no intention of substituting my after-the-fact judgment for that of counsel who engaged in whatever research and other activities they felt necessary.

Throughout the litigation, Plaintiffs' Counsel met and communicated regularly with the Plaintiffs, drafted and filed pleadings, reviewed documents, negotiated the settlement of this matter, reviewed, revised and negotiated the final terms of the attached Settlement Agreement, and drafted the present motion. In performing these tasks, Plaintiffs' Counsel expended approximately 71 hours of attorney, paralegal, and staff member time – an aggregate lodestar of $19,631.50. These hours are reasonable and were compiled from contemporaneous time records maintained by each attorney, paralegal, and support staff participating in the case. Moreover, Plaintiffs' Counsel undertook to prosecute this action without any assurance of payment for their services, litigating

this case on a wholly contingent basis in the face of significant risk.

Plaintiffs' Counsel also expended $500.00 in out-of-pocket expenses. "Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were 'incidental and necessary to the representation' of those clients." *In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003) (internal citation and quotation marks omitted). Here, Plaintiff's Counsel incurred actual expenses of $500.00 for costs such as court and process server fees. These expenses were incidental and necessary to the representation of Plaintiff.

Although attorneys' fees and costs exceed $12,000.00, Plaintiff's Counsel is limiting its request to approval of $500.00 in attorneys' fees and costs, constituting a minute fraction of actual fees and costs to date.

**E. Plaintiffs' Counsel's Hourly Rates Are Reasonable in Light of Their Qualifications**

Plaintiff's Counsel's ("V&A") hourly rates are reasonable. "The 'presumptively reasonable fee' for an attorney's work is what a reasonable client would be willing to pay for that work." *Husain*, No. 97 CV 2982 (NG) (CLP), 2013 U.S. Dist. LEXIS 37134 at 16 (*quoting Arbor Hill*, 522 F.3d 182, at 190).

The vast majority of V&A's clients are low wage hourly workers without the means to pay for legal services. Numerous courts have determined what a reasonable client would pay for V&A to represent them in a wage and hour action if such a client had sufficient means, including when challenged by opposing counsel. *See e.g. Perez et al. v. AC Roosevelt Food Corp. et al.* (EDNY 10-cv-4824) (in contested fee application, Judge Gleeson approving hourly rates of $525.00 for partner Lloyd Ambinder, $395.00 for associate Leonor Coyle, $225.00 for accountant Maria Tokarz, and $125.00 for paralegals); *Kalloo v. Unlimited Mech. Co. of NY*, 977 F. Supp. 2d 209 (E.D.N.Y. 2013) (in contested fee application after successful bench trial, Judge Gershon approving Plaintiffs' Counsel's voluntarily reduced billing rates of $495.00 for partners, $325.00 for associates, and $100.00 for paralegals); *Paguay v. Barbasso, Inc.*, (S.D.N.Y. 11-CV-6266) (in contested fee application after successful jury trial, Judge Caproni approving $525.00 for Lloyd Ambinder, $365.00 for Leonor Coyle, $200.00 for Alison Genova, and $125.00 for paralegals "[i]n light of Virginia & Ambinder's extensive experience litigating wage and hour claims and the successful outcome achieved for their client); *McBeth, et al. v. Gabrelli Truck Sales Ltd., et al.* (E.D.N.Y. 09-cv-4112) (Judge Wexler approving hourly rates of partners at $495.00 per hour, of counsel at $425.00 per hour, associates at $325 to $395 per hour, and paralegals at $95.00 to $150.00 per hour ); *Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113, 130 (S.D.N.Y. 2011) (Judge Shira A. Scheindlin approving partners at $550 per hour, associates at $395.00 per hour, and paralegals at $125.00 per hour); *Garcia et al. v. The Executive Club* (S.D.N.Y. 10-cv-1545) (Judge Stein approving same hourly wage rates); *Sandoval et al. v. Galaxy Gen. Contr. Corp., et al.*, No. 10-cv-5771 (S.D.N.Y. Aug. 23, 2013) (Judge Gardephe approving same); *Aparicio v. Iguana New*



*York LTD*. (SDNY 11-cv-1830) (Judge Pauley approving partners at $550 per hour, associates at up to $425 per hour, and paralegals at $125 per hour).

LaDonna M. Lusher ("LL"), is a 1997 graduate of West Virginia State University and a 2004 graduate of the University of Baltimore School of Law. Ms. Lusher has been practicing for over eleven years exclusively in litigation of employment and wage and hour claims and have represented tens of thousands of workers. She also routinely serve as V&A's appellate counsel and has successfully won multiple appeals in the First and Second Departments. Prior to joining V&A, Ms. Lusher clerked for the Honorable Timothy E. Meredith of the Court of Special Appeals in Annapolis, Maryland. Ms. Lusher has authored several articles on employee rights, including an article on the rights of unpaid interns that was published in U.S. News & World Report. She has been a panelist at multiple symposiums, and a featured guest speaker lecturing on minimum wage, overtime laws, unpaid internships and class actions. Ms. Lusher is also a board member of the Center for Frontline Retail, and the Autism Legal Foundation, Inc., a non-profit organization where she provides counsel related to discrimination in housing, employment and other areas faced by adults on the autism spectrum. Ms. Lusher bills at a rate of $495.00 per hour.

V&A billed me, Leonor Coyle ("LC"), at $450.00 per hour. I am a 2006 graduate of Fordham University School of Law, and a recipient of the Archibald R. Murray Cum Laude Award for my commitment to public service. I have represented tens of thousands of workers in employment related matters. I am a fluent Spanish speaker and regularly speak about employment issues facing immigrant populations at the Mexican, Guatemalan, Colombian, Ecuadoran, Salvadorian, and Honduran consulates, as well as at many non-for-profit organizations in the New York area. Prior to joining V&A, I worked as an Assistant District Attorney for the Suffolk County District Attorney's Office. I have extensive courtroom experience, and have tried numerous bench and jury trials.

Michelle Moreno ("MM") was billed at $250.00 per hour. Associate Michele Moreno is a graduate of Benjamin N. Cardozo School of Law. She has been practicing as an attorney since 2015, exclusively in litigation of employment and wage and hour claims. Prior to joining Virginia & Ambinder as an associate, Ms. Moreno interned at the City of Newark Department of Law. During law school, Ms. Moreno participated in the Bet Tzedek Legal Services Clinic. Ms. Moreno has assisted in scores of state and federal class and collective action lawsuits.

Alanna Sakovits ("AS"), is a 2016 graduate of the City University of New York School of Law. Ms. Sakovits joined Virginia & Ambinder, LLP ("V&A") as an associate in August 2016. Ms. Sakovits' primary practice area is wage and hour litigation. Ms. Sakovits is admitted to the New York State bar and to the United States District Court for the Southern District of New York and the Eastern District of New York. Ms. Sakovits regularly serves as counsel in employment lawsuits in both state and federal court. V&A billed Ms. Sakovits' time at a rate of $250 per hour for work performed in connection with this matter.

V&A billed Associate Joel Goldenberg (JG) at $250.00 per hour. Mr. Goldenberg is a 2017 graduate of Brooklyn Law School. While in law school, Mr. Goldenberg interned with the Hon. Ramon E. Reyes, Jr., U.S. District Court for the Eastern District Court of New York with,




the Mayor's Office of Labor Relations, the National Labor Relations Board, and the New York State Office of the Attorney General, Bureau of Labor.

V&A billed Andrew Federico (AF), at $200.00 per hour. Andrew earned his J.D. from the Maurice A. Deane School of Law at Hofstra University in 2018. Andrew joined Virginia & Ambinder, LLP as a Law Clerk in 2018. Prior to joining the firm, Andrew was a law clerk at Cohen, Weiss & Simon LLP in New York, where he principally worked on traditional labor issues. He also worked on issues pertaining to sexual harassment litigation and contributed to the ABA Labor and Employment Committee's Mid-Winter Meeting on *Practice & Procedure Under the NLRA* (March 2018). Andrew was also a law clerk at the National Labor Relations Board in Brooklyn, NY (Region 29).

V&A paralegals and support staff bill out at a rate of $125.00 per hour.

That other courts in the Second Circuit have already approved similar rates is an important factor for a court to consider. *See Asare v. Change Group N.Y., Inc.*, 2013 U.S. Dist. LEXIS 165935, 49-51 (S.D.N.Y. Nov. 15, 2013) (approving requested rates in part because other courts within the Second Circuit had approved these hourly rates). V&A's rates are also on par with other highly specialized employment attorneys. *See Id*. (Judge McMahon approving rates of $750 per hour for partner time; $300 to $500 per hour for associates and $150 per hour for paralegal/staff time); *Willix v. HeathFirst Inc.*, 2011 U.S. Dist. LEXIS 21102, at *15-17 (E.D.N.Y. Feb. 18, 2011) (approving rates of $740 per hour for partners and $400 per hour for associates where "[c]lass [c]ounsel have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in wage and hour law and in class action law."); *See Trs. of the Local 807 Labor Management Health Fund v. M&M Bldg. Prods.*, 2010 U.S. Dist. LEXIS 31467 (E.D.N.Y. Mar. 17, 2010) (approving $125 per hour for paralegal work).

V&A has substantial experience prosecuting wage and hour class and collective actions, and has represented thousands of workers to recover unpaid wages.[1] V&A's highly specialized

---

1 *See Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113, 129-130 (S.D.N.Y. 2011) (Scheindlin, J.); *Lujan v. Cabana Management, Inc.*, Index No. 10-cv-755 (E.D.N.Y. Feb. 1 2011) (Block, J.); *Zepeda et al. v. Franari Produce Distributors Inc., et al.*, (EDNY 10-cv-2588) (Bianco, J.); *Kopacz, et al. v. St. Paul Fire and Marine Insurance Co., et al.*, Index No.: 111154-2008 (Sup.Ct.N.Y.Co. 2011); *Dabrowski v. ABAX Inc.*, 2010 84 A.D.3d 633 (N.Y. App. Div. 1st Dep't 2011); *Cardona v. The Maramont Corporation*, *2009 NY Slip Op 32695U (Sup.Ct.N.Y.Co. Nov. 12, 2009); Kudinov v. Kel-Tech Construction Inc.,* 65 A.D.3d 481 *(1st Dept.* 2009); *Morris v. Alle Processing, Corp*., Docket No. 08-CV-4874 (E.D.N.Y. Dec. 22, 2009); *Nawrocki v. Crimson Construction*, Docket No. 08-CV-3153 (E.D.N.Y. June 17, 2009); *Cox v. Nap Construction Company, Inc.*, Index No. 11179/03 (Sup. Ct. N.Y. Co. 2004) (Cahn, J.), aff'd, 10 N.Y.3d 592 (2008); *Galdamez v. Biordi Constr. Corp.*, 13 Misc. 3d 1224A (Sup.Ct.N.Y.Co. June 8 2006), *aff'd* 50 A.D.3d 357 (Apr. 8, 2008); *Gonzalez v. Nicholas Zito Racing Stable, Inc.*, 2008 U.S. Dist. LEXIS 27598 (E.D.N.Y. Mar. 31, 2008); *Guzman v. VLM, Inc.*, 2008 U.S. Dist. LEXIS 15821 (S.D.N.Y. Mar. 2, 2008); *Pajaczek v. Cema Constr. Corp.* 2008 NY Slip Op 50386U (Sup.Ct.N.Y.Co. Feb. 21, 2008); *De La Cruz v. Caddell Dry Dock & Repair Co., Inc.*, Index No.: 26220-2002 (Sup.Ct. Bronx.Co. Jan. 9, 2007); *Brandy v. Canea Mare Construction, Inc.,* 4 A.D.3d 512 (2nd Dept. 2006); *Wysocki v. Kel-Tech Construction, Inc.*, Index No.: 603591-2003 (Sup.Ct.N.Y.Co. Sept. 26, 2005); *Velez v. Majik Cleaning Serv.*, 2005 U.S. Dist. LEXIS 709 (S.D.N.Y. Jan. 19, 2005); *Alfaro v. Vardaris Tech, Inc.*, 69 A.D.3d 436 (1st Dept. 2010); *Barone v. Safway Steel Products, Inc*., 2005 WL 2009882 (E.D.N.Y. 2005); *Brunson v. City of New York*, 94 Civ. 4507 (S.D.N.Y.); *Andrejuk v. National*

employment practice and esteemed reputation in the community warrants their hourly rates. Many of the wage and hour cases litigated by V&A have resulted in seminal decisions that are routinely cited by courts throughout the country. For example, V&A represented plaintiffs in *Guzman v. VLM, Inc.*, 2007 U.S. Dist. LEXIS 75817 (E.D.N.Y. October 11, 2007) and 2008 U.S. Dist. LEXIS 15821 (E.D.N.Y. Mar. 2, 2008). This seminal decision pertaining to collective and class certification in wage and hour cases has been cited by courts in the Second Circuit in over 75 published opinions, as well as district courts in the First, Third, Fourth, Fifth, Seventh, Eight, and Tenth Circuits. V&A has also argued other first impression cases which have had a strong influence on employment law in New York and New Jersey. *See Cox v. Nap Construction Company, Inc.*, Index No. 11179/03 (Sup. Ct. N.Y. Co. 2004) (Cahn, J.), *aff'd*, 10 N.Y.3d 592 (2008); *De La Cruz v. Caddell Dry Dock & Repair Co., Inc.*, 21 N.Y.3d 530 (2013).

Numerous courts have commented on V&A's vast experience as employment litigators, and efficient representation. *See Dabrowski v. Abax Inc.*, 84 A.D.3d 633, 634, 923 N.Y.S.2d 505 (N.Y. App. Div. 2011) (observing that Plaintiffs' Counsel "has demonstrated its expertise and zealous representation of the plaintiffs here, as well as in prior class action cases which have reached this court on appeal"); *Morris v. Alle Processing Corp.*, 2013 U.S. Dist. LEXIS 64534, 34-35 (E.D.N.Y. May 6, 2013) ("With respect to the qualifications and experience of plaintiffs' counsel, Virginia and Ambinder LLP, the Court finds that they are experienced labor and employment litigators who have successfully represented employees in numerous wage and hour class and collective action lawsuits."); *Garcia v. Exec. Club LLC*, 2012 U.S. Dist. LEXIS 189823 (S.D.N.Y. May 10, 2012) ("Class Counsel have experience prosecuting and settling employment class actions, including wage and hour class actions and are well-versed in wage and hour law and in class action law."); *Montenegro v. Gita Properties, LLC*, Docket No.12-CV-01669 (BMC) (E.D.N.Y. Sept. 9, 2012) (Judge Cogan commending Plaintiffs' Counsel for the "professional and efficient manner in which they handled the case….").[2]

V&A is highly respected by employment counsel in the New York metropolitan area and continues to receive influential decisions that help shape the wage and hour landscape. V&A's hourly rates are therefore reasonable and should be approved. It is respectfully requested that this Court grant Plaintiffs' unopposed motion for final approval of this FLSA Settlement inclusive of attorneys' fees and costs in the amount of $500.00 constituting a fraction of the total bills to date, and for any other further relief as this Court sees fit.

Respectfully Submitted,

/s/ Leonor Coyle, Esq.

---

*Environmental Safety Co. Inc.*, 94 Civ. 4638 (S.D.N.Y.); *Pesantez v. Boyle Environmental Services, Inc.*, Index No. 128988/93 (Sup. Ct. N.Y. Co. 1998) (Cahn, J.), *aff'd* 251 A.D.2d 11, 673 N.Y.S.2d 659 (1st Dept. 1998).

[2] The *Montenegro* action was handled by V&A *pro bono* along with Make the Road New York. Judge Cogan noted that "plaintiff's attorneys have the special recognition of the Court for taking on this difficult matter on a *pro bono* basis. We need more lawyers like the ones I saw in this case." *Id.*